# STATE OF MICHIGAN

# COURT OF APPEALS

In re N. L. CONSTANTINOFF, Minor.

UNPUBLISHED
February 3, 2015

No. 322666
Shiawassee Circuit Court
Family Division
LC No. 12-013228-NA

Before: MURPHY, P.J., and METER and SERVITTO, JJ.

PER CURIAM.

Respondent appeals as of right from an order terminating his parental rights to his son NLC. We remand for the court to clarify its findings and legal conclusions.

This case began when petitioner removed NLC and four of his half siblings from the home of their mother. Respondent, who was never married to NLC's mother, was incarcerated at the time, apparently for sexual abuse of a minor, and had not yet signed a formal affidavit of parentage for NLC. Respondent did sign a formal affidavit of parentage after proceedings began. The record shows that respondent played a part in the boy's life prior to being incarcerated, including financial help, although not through formal child support, and having regular visits with NLC every other weekend. When one of the caseworkers assigned to this case was asked if any services were given to respondent, she stated, "The Department of Human Services does not offer services to people who are criminal sex offenders." The caseworker explained that respondent could look for services at his place of incarceration, but that services could not be offered to him. Respondent testified that the earliest he would be out of prison would be February 13, 2016, although he admitted that there was no guarantee that he would be released on that date.

MCR 3.977(I)(3) states that "[a]n order terminating parental rights under the Juvenile Code may not be entered unless the court makes findings of fact, states its conclusions of law, and includes the statutory basis for the order." However, the trial court merely cited to MCL 712A.19b(3)(a)(ii) (child's parent has deserted the child for 91 days or more) and additionally stated that respondent failed to provide care or custody for the child. Because the trial court's findings were not clear and did not unambiguously state "the statutory basis for the order," we remand for clarification by the trial court. On remand we direct the trial court to consider the Supreme Court's directive in In re Mason, 486 Mich 142, 160; 782 NW2d 747 (2010) that "[t]he mere present inability to personally care for one's children as a result of incarceration does not constitute grounds for termination." Additionally, we direct the trial court to consider whether

-1-

respondent could provide the necessary care and custody through placement with relatives. See *id.* at 163. We note that in this case respondent made several requests to have the minor placed with his relatives and the record contains no indication that the trial court ever considered that possibility. While distinctions may exist between this case and *Mason*, we think it necessary for the trial court to consider this precedent in reaching its conclusion.

Remanded for further proceedings consistent with this opinion. We retain jurisdiction.

/s/ William B. Murphy
/s/ Patrick M. Meter
/s/ Deborah A. Servitto

# Court of Appeals, State of Michigan

# ORDER

IN RE N L CONSTANTINOFF, MINOR

Docket No. 322666

LC No. 12-013228-NA

William B. Murphy
Presiding Judge

Patrick M. Meter

Deborah A. Servitto
Judges

Pursuant to the opinion issued concurrently with this order, this case is REMANDED for further proceedings consistent with the opinion of this Court. We retain jurisdiction.

Proceedings on remand in this matter shall commence within 28 days of the Clerk's certification of this order, and they shall be given priority on remand until they are concluded. As stated in the accompanying opinion, the trial court shall make findings of fact and state its conclusions of law. We direct the trial court to consider the Supreme Court's directive in *In re Mason*, 486 Mich 142, 160; 782 NW2d 747 (2010) and we direct the trial court to consider whether respondent could provide the necessary care and custody through placement with relatives.

The parties shall promptly file with this Court a copy of all papers filed on remand. Within seven days after entry, appellant shall file with this Court copies of all orders entered on remand.

The transcript of all proceedings on remand shall be prepared and filed within 21 days after completion of the proceedings.

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

FEB 03 2015

Date

Chief Clerk